NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0056n.06

No. 19-3760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RICK E. CAPONE, | ) | **FILED** |
|  | ) | Jan 27, 2020 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|  | ) |  |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |

Before: GILMAN, McKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. The district court dismissed Rick Capone's claims against his insurance company because an arbitrator had already resolved them. We affirm.

In 2011, Capone took his 60-foot Sunseeker yacht, named "Another Eriesponsible Perchase," to a mechanic for service. On the service invoice, the mechanic wrote that he had changed the oil filters because the engine had been leaking oil. The invoice also included a "To Do" list with the item "Oil cooler gasket seeping—[manufacturer] updated gaskets." Yet Capone did not have the gasket checked or replaced.

The next year, Capone purchased from Atlantic Specialty Insurance an insurance policy for his yacht. The policy provided: "If you make a claim under this policy and we disagree about whether the claim is payable . . . , the disagreement must be resolved by binding arbitration[.]" In a section titled "Legal Action Against Us," the policy also said, "You may not bring a suit against us unless you have complied with all terms of this policy, including arbitration."

In July 2013, Capone was piloting his yacht on Lake Erie when a leaking oil gasket caused the engine to fail. He eventually paid more than $100,000 for repairs, which he asked Atlantic to cover. Atlantic investigated and found that Capone had failed to maintain the engine properly after the mechanic's warning about the oil gasket. Atlantic therefore denied his claim.

Capone disagreed with Atlantic's decision. In 2017, the parties submitted the dispute to an arbitrator, who likewise found that the damage to the engine "was directly and proximately caused by a lack of required maintenance[.]" The arbitrator thus entered an award in favor of Atlantic.

Capone thereafter brought this suit, asserting two claims: first, that Atlantic breached the policy when it denied him coverage; and second, that the policy entitled him to a declaratory judgment that Atlantic owed him the cost of repairs. Atlantic moved to dismiss, arguing that the arbitration award precluded Capone's suit. The district court granted the motion. We review that decision de novo. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010).

Capone asked the district court, in substance, to vacate the arbitrator's award. The Federal Arbitration Act authorizes federal courts to vacate arbitration awards only on four specific grounds. *See* 9 U.S.C. § 10(a); *accord* Ohio Rev. Code § 2711.10. Capone alleged none of those grounds, so the district court properly dismissed his suit.

Capone argues that the policy's "Legal Action" section allowed him to reassert his claims anew in this lawsuit, notwithstanding the prior "binding arbitration." He is largely mistaken: we can review only the arbitrator's award, and our review of the award is necessarily limited to the grounds set forth in the Act. Moreover, the arbitration provision says that the "arbitrator shall have the same powers as arbitrators under the Federal Arbitration Act"; and those powers include the power to enter awards that are final and enforceable except in extremely limited circumstances.

*See* 9 U.S.C. § 9; *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016). The arbitrator did that here, and—as the district court correctly observed—Capone has given us no basis to vacate that award.

The district court's judgment is affirmed.